

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00072-CR

TIMOTHY JAMES MAYS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1500926

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Hank Allison was mowing his lawn in Commerce, Texas, on a riding lawnmower when he noticed Timothy James Mays and others, including Kiland Cash and Jordan Patrick, gathered near Mays' truck not far from Allison. Minutes later, while he was still mowing but had his back turned to the nearby gathering, Allison experienced a sharp pain in his back that drew blood. At Mays' subsequent Hunt County jury trial on the charge of assault causing bodily injury, Cash and Patrick both testified that Mays had shot Allison with a BB gun. Cash and Patrick were the only witnesses who testified to that key fact. Appealing from his conviction, Mays claims that the trial court erroneously refused to give the jury an accomplice-witness instruction and that the evidence is legally insufficient to support Mays' conviction[1] because it rested on the uncorroborated accomplice-witness testimony of Cash and Patrick.

We affirm the judgment of the trial court because (1) there is no evidence that Cash and Patrick were accomplices and (2) sufficient evidence supported Mays' conviction.

*(1)    There Is No Evidence that Cash and Patrick Were Accomplices*

Mays argues that he was entitled to an accomplice-witness instruction in the jury charge on the basis that the evidence at least raised a fact question of whether Cash and Patrick were accomplices to Mays' offense.

Mays claims that the jury could have found Cash and Patrick to have been accomplices to Mays' shooting on the strength of these facts: (a) that there were inaccuracies in Cash's and

---

[1]The jury assessed Mays' punishment at two years' community supervision and a $2,000.00 fine, and the trial court sentenced him accordingly.

2

Patrick's accounts of the events surrounding the shooting, (b) that their testimony is untrustworthy and inconsistent, (c) that they fled the scene of the incident, (d) that they failed to disclose the location of the BB gun to Samantha Manrique, the City of Commerce police officer on the scene, (e) that the passage of time between the shooting and Manrique's apprehension of Cash and Patrick gave the two an opportunity to fabricate and corroborate their stories, (f) that they participated with Mays in laughing and "carrying on" immediately after the shooting, (g) that they refused to admit to laughing, and (h) that they saw the weapon in Mays' truck and possession before the shooting. We disagree that such evidence, independently or collectively, could support a finding that Cash and Patrick were accomplices to the shooting.

No person shall be convicted based on an accomplice's testimony, unless that testimony is corroborated by other, non-accomplice evidence that tends to connect the accused to the offense. TEX. CODE CRIM. PROC. ANN. art 38.14 (West 2005). "An accomplice is someone who participates with [a] defendant before, during, or after the commission of the crime and acts with the required culpable mental state." *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007); *Kunkle v. State*, 771 S.W.2d 435, 439 (Tex. Crim. App. 1986); *Hill v. State*, 451 S.W.3d 392, 396 (Tex. App.—Houston [1st Dist.] 2014, no pet.). To be an accomplice, one must have participated in some affirmative act that promotes the commission of the offense charged to the defendant. *Druery*, 225 S.W.3d at 498. Here, there is no evidence that either Cash or Patrick engaged in any affirmative act that promoted the commission of the offense. Instead, the evidence indicates only that both were present at the time Mays fired the BB gun. Mere presence at the crime scene does not make anyone an accomplice. *Kunkle*, 771 S.W.2d at 439. "[A] witness is not deemed an

3

accomplice witness because he [or she] knew of the crime but failed to disclose it or even concealed it." *Gamez v. State*, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987).

While Cash's and Patrick's testimony may have been subject to disbelief, credibility and weight of the evidence are the sole province of the jury. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.); *Ross v. State*, No. 06-15-00179-CR, 2016 WL 6995031, at *8 (Tex. App.—Texarkana Nov. 30, 2016, no pet. h.). That Cash and Patrick might have been subject to suspicion is not evidence that they were accomplices. *See Druery*, 225 S.W.3d at 498; *Kunkle*, 771 S.W.2d at 439; *Gamez*, 737 S.W.2d at 322. There is no evidence that suggests that they were accomplices to the shooting.

Unless the evidence shows that a witness is an accomplice, a trial court need not instruct the jury on the accomplice-witness rule. *Smith v. State*, 332 S.W.3d 425, 440 (Tex. Crim. App. 2011). There was no error in the lack of an accomplice-witness instruction.

We overrule this issue.

*(2)     Sufficient Evidence Supported Mays' Conviction*

Mays also asserts that the evidence is legally insufficient to support his conviction, given that the only direct evidence that he shot Allison with the BB gun came from Cash and Patrick, individuals Mays claims were accomplices. We have already explained above why Cash and Patrick were not Mays' accomplices according to the evidence adduced at trial.

Because Cash and Patrick were not accomplices to the shooting, their testimony need not be corroborated. Their testimony was entitled to be considered by the jury.

There was legally sufficient evidence to support Mays' conviction.

4

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 9, 2017
Date Decided:      January 25, 2017

Do Not Publish